239 Ind. 652 (1959)
159 N.E.2d 849
STATE EX REL. LAKE COUNTY DEPARTMENT OF PUBLIC WELFARE ET AL.
v.
LAKE SUPERIOR COURT, ROOM NO. 4, ROSZKOWSKI, JUDGE.
No. 29,798.
Supreme Court of Indiana.
Filed July 14, 1959.
*653 Forrest E. Gantenbein, of Hammond, for relators.
Charles W. Gannon, of Gary, for respondents.
ACHOR, C.J.
Relator has filed a petition for writ of mandate. The circumstances which give rise to the petition are as follows:
Gilbert Roth and Steven Roth, by their mother and next friend, Joan Roth, filed a petition for a writ of habeas corpus against the relators herein, in which proceedings judgment was rendered against these relators. Thereafter and within the statutory time relators filed a motion for new trial. To this motion counsel for the plaintiffs Roth filed a motion to strike for the reason that they had not been served with a copy of the motion for new trial as required by Rule 1-16 of this court.
The respondent court received supporting affidavits from attorneys for plaintiffs Roth to the effect that they had not received a copy of such motion. He also received a counter-affidavit by counsel for the relators *654 herein which stated that a copy of such motion had in fact been mailed by United States Mail as required by rule of this court and that, upon the filing of the motion to strike, counsel had served a duplicate copy of the motion upon plaintiffs' counsel. The record is silent as to any evidence having been heard in the matter. We assume therefore that, on the basis of the affidavits filed, the court struck the motion for new trial. Relators now ask that the court be mandated to reinstate the motion and to rule thereon according to the merits of the issues therein presented.
The circumstances above stated present two controlling issues: (1) Was it the mandatory duty of the court under the circumstances to rule on the motion for new trial, and (2) does relator have an adequate remedy by appeal?
A decision of the first major issue depends upon several incidental or supporting issues. The first of these is whether the service of pleadings, etc., as required by rule 1-16, supra, is jurisdictional so that on failure of a party to comply therewith the court is without authority to rule on the pleading, or whether, on the other hand, the requirement of the rule is merely directory and that failure to comply therewith merely suspends the right of the party filing the pleading to require action thereon until the requirement of the rule has been met.
Since the rule merely provides for the mailing of a copy of the pleading, etc., and does not provide for any ascertainable method of determining the fact of delivery, it would seem that the requirement of a rule must be considered to be directory and not jurisdictional. Otherwise a party receiving a pleading through the mail could by the mere denial of the receipt thereof nullify and terminate *655 the opposing party's right to further proceedings in the cause.
The nature of the subject matter would seem to dictate that a party who has failed to receive a copy of a pleading, as contemplated by the rule, could, by rule of court, require the service of a copy thereof as a proper step in the expeditious handling of the case. It does not seem that the rule should be construed to effect a circumstance whereby the mere filing of an affidavit regarding facts not personally known to the affiant, the court and opposing party should be denied further jurisdiction of the cause. Based upon this reasoning, it would seem that since the motion for new trial was actually filed with the court and a duplicate copy thereof had been served upon the plaintiffs the striking of the motion for a new trial was an act which exceeded the authority of the court. Here a relator filed a timely motion for new trial. He was entitled, as a matter of law, to have that motion ruled upon according to the merits of the issues asserted therein. State ex rel. Barner et al. v. White Cir. Ct. et al. (1958), 237 Ind. 443, 455, 147 N.E.2d 10.
Secondly, the relator asserts that he has no adequate remedy by appeal for the reason that the sole issue which he desires to present on appeal is the overruling of his motion for new trial. With this motion stricken, no issue remains which can be the basis of appeal. In this position we concur.
The court is therefore ordered to reinstate the motion for new trial in Cause No. 459-42, entitled Gilbert Roth and Steven Roth, by their Mother and next friend, Joan Roth v. Lake County Department of Public Welfare et al., in the Lake Superior Court.
Arterburn, Bobbitt, Jackson and Landis, JJ., concur.
NOTE.  Reported in 159 N.E.2d 849.