JURDZY *v.* LIPTAK.

[No. 30,168. Filed March 2, 1962. Rehearing
denied April 18, 1962.]

*George W. McCain,* of Gary, and *Richard M. Givan,* of Indianapolis, for appellant.

*Albert H. Gavit, Sr.,* and *Fred. F. Eichhorn,* both of Gary, for appellee.

·ARTERBURN, J.—The appellant has filed in this court a transcript and assignment of errors as an appeal from an order of the Lake Superior Court Room 3, setting aside and vacating a default judgment (in favor of the appellant) previously rendered in the same term of court. The action was brought by the appellant against the appellee for damages for personal injuries.

The appellee has filed a motion to dismiss the appeal on the ground that the setting aside of a default judgment during the term within which the same was rendered, is not an appealable judgment.

Both parties attack certain alleged technical errors in the preparation of their briefs which we, in view of our decision in this matter, need not consider.

The record in this case shows that the appellant obtained a service of summons on the Secretary of State, as provided by statute, which was returnable on the 7th day of August, 1961. A default judgment in the amount of $12,000.00 was taken on August 8, 1961; that on August 7th no court was held. However, in the latter part of the day of August 8th, after the default was taken, the appellee appeared and entered his appearance by counsel and was granted two weeks' time to plead. The next day, August 9, the defendant (appellee here) moved the court in writing to set aside and vacate the default judgment. On August 15th the court set the hearing on the motion to vacate. Appellant (plaintiff below) appeared by counsel and objected to the hearing, which objection was overruled. The court, on hearing, set aside and vacated the judgment previously rendered on default.

The appellant, in opposition to the motion to dismiss, claims that no notice was served upon the appellant (plaintiff below) to vacate and set aside the default judgment and that the trial court had no jurisdiction; that the proceedings to set aside and vacate the judgment were without due process and unconstitutional.

The law seems settled in Indiana:

". . . that during term at which a judgment is rendered, the court has very broad powers on its own motion or upon that of any parties to modify, set aside or vacate its judgment. [Cases cited]" *Clouser et al.* v. *Mock et al.* (1959), 239 Ind. 143, 155 N. E. 2d 745.

On the other hand, it has generally been held that a case is no longer in fieri after the term has expired

within which a judgment is rendered, and after term there is no longer any authority on the part of the court to set aside or change the judgment under the common law. If the judgment is to be set aside, vacated or modified after term, the authority and jurisdiction must be sought in the statutes. *McIntosh* v. *Monroe, et al.* (1953), 232 Ind. 60, 111 N. E. 2d 658; *Wagner* v. *McFadden* (1941), 218 Ind. 400, 31 N. E. 2d 628; Burns' §2-1068.

As pointed out previously, the default judgment in this case was vacated and set aside *within the term* in which it was entered. The record fails to show that any notice of the motion to vacate and set aside the judgment was served upon the appellant (plaintiff below) or her attorney.

Under Rule 1-16 of this court, a copy of every pleading and motion must be served upon the attorney of the opposing party. However, we have held that a failure to make the proper service of a motion or pleading or give the proper notice under the rule is not jurisdictional. The provision of the rule is only directory. If a party has been prejudiced by the failure of service of a copy of a motion or pleading, he may ask that the rule be complied with before he be required to answer or oppose any such motion or pleading or any ruling is made thereon. As pointed out in *State ex rel. Lake County etc.* v. *Lake Sup. Ct.* (1959), 239 Ind. 652, 159 N. E. 2d 849, a failure to comply with the rules does not cause the court to lose jurisdiction, but the complaining party may request compliance before there is a hearing or ruling on the paper filed. 23 I. L. E., Pleading, §172, p. 392.

Compliance also may be waived by an appearance in opposition to such motion or pleading without

making any specific objection that no copy was served. In this case it appears that the appellant appeared in court and opposed the motion to vacate and set aside the judgment without making any objection to the failure to receive service of a copy of the motion.

After the default judgment was set aside the appellant then filed a plea in abatement, setting up for the first time that she had not received a copy of the motion to vacate and set aside the default judgment. Such objection comes too late. It should have been made at the time the appellant first appeared to oppose the motion and the attention of the court should then have been called to the fact that the appellant had not received a copy of the motion. The court at that time could have speedily remedied the objection by directing that a copy be given immediately to appellant's counsel. Appellant's counsel would have been entitled to reasonable time to prepare for the hearing thereafter.

The appellant having appeared to, and opposed, the motion to vacate the default judgment, and having taken part in the hearing thereon without objecting to a failure to serve a copy of the motion, has waived such non-compliance, if there was such lack of compliance.

"A distinction should be observed between formal service of process to secure jurisdiction over the person in the commencement of an action, and the right to reasonable notice of the motions, pleadings, and steps taken in the proceedings once a case is begun, and after jurisdiction over the parties has been acquired in the first instance." *State ex rel. Brubaker v. Pritchard, Judge* (1956), 236 Ind. 222, 138 N. E. 2d 233, 60 A. L. R. 1239.

To summarize: During term time, while the cause is in fieri, the court has authority to set aside and vacate its judgments. No formal service of process during term time is necessary other than that which may be required under the rules of this court upon the filing of a motion or a pleading. The failure to follow the rule does not deprive the court of its jurisdiction, and it is incumbent upon the party who complains of a failure to comply with the rule to call it to the court's attention at the first opportunity; otherwise compliance is waived. *State ex rel. Lake County etc.* v. *Lake Sup. Ct.* (1959), 239 Ind. 652, 159 N. E. 2d 849; 17 I. L. E., Judgment, §196, p. 306; 23 I. L. E., Pleading, §172, p. 392.

We now come to the merits of the motion of the appellee to dismiss this appeal, namely, is the order of a trial court, vacating and setting aside a default judgment taken during the same term of court, an appealable judgment or order?

Except for a limited field fixed by statute such as interlocutory orders, etc. (and vacating default judgments is not there included) appeals may be taken only from *final* judgments. Burns' §§2-3201 and 2-3218.

Generally speaking, a final judgment is one which terminates the litigation. In this case the litigation is not terminated. It is very much in the nature of the granting of a motion for a new trial from which there was no appeal prior to that given specifically by the recent statute. (Burns' §2-3201)

In Flanagan's Indiana Trial and Appellate Practice. Sec. 1350, Comment 7, it is said:

"It is well settled that an appeal does not lie from an order setting aside a judgment taken by default. [Cases cited] A judgment refusing to

vacate a default judgment is a final appealable judgment. [Cases cited]"

There are many cases supporting that statement and we find none to the contrary. *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *The State* v. *Spencer* (1883), 92 Ind. 115; *Staggs* v. *Wright* (1948), 118 Ind. App. 247, 76 N. E. 2d 588; *Thomas* v. *Kelly* (1945), 115 Ind. App. 334, 58 N. E. 2d 942; *Gaddie* v. *Holloway* (1957), 237 Ind. 382, 145 N. E. 2d 426; *Papuschak* v. *Burich* (1933), 97 Ind. App. 100, 185 N. E. 876.

For the reasons stated, the appeal is dismissed.

Achor, C. J., and Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 530.