FRANK CEDRIC MINTON v. STATE OF INDIANA.

[No. 577S340.  Filed July 24, 1978.]

*Duge Butler, Jr., Butler, Brown, Hahn & Little,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with and convicted of two counts of Commission of a Felony While Armed, to-wit: Robbery, Ind. Code § 35-12-1-1 (Burns 1975) and Commission of a Felony While Armed, to-wit: Rape, Ind. Code § 35-12-1-1 (Burns 1975). He was sentenced to ten (10) years imprisonment on each of the armed robbery counts and to twenty (20) years for armed rape. On appeal he presents the following issues:

(1) Whether the trial court erred in denying the defendant's motion for a continuance.

(2) Whether the defendant was denied a fair trial by the alleged withholding of exculpatory information by the State.

(3) Whether the trial court erred in admitting State's Exhibit No. 4, a knife, into evidence.

(4) Whether the trial court erred in admitting State's Exhibit No. 25, a photograph of an automobile, into evidence.

(5) Whether the defendant was denied a fair trial due to the presence of the alternate juror in the jury room during deliberations.

(6) Whether the trial court erred in refusing to instruct the jury on lesser included offenses.

## ISSUE I

On November 12, 1976, public defender Jack Commons was appointed to represent the defendant. The defendant had previously been represented by three different attorneys during the two months prior to Mr. Commons' appointment. Due to congestion in the court calendar, on November 16, 1976, the cause was continued until December 3, 1976. On November 18, 1976, defense counsel filed a motion for continuance stating that he had not been notified of his appointment until November 15, and that he required more than two weeks to prepare for the trial due to the complexity of the issues involved in the case. There is no indication in the record that this motion was ruled upon by the court. The defendant was tried by a jury on December 3, 1976, as scheduled.

On appeal, the defendant argues that the trial court erred in denying his motion for a continuance. The granting of a motion for a continuance generally lies within the sound discretion of the trial court. His determination will be reversed only upon a showing of clear error. *White* v. *State*, (1975) 263 Ind. 302, 330 N.E.2d 84; *Blevins* v. *State*, (1973) 259 Ind. 618, 291 N.E.2d 84. The defendant has made no showing of clear error, and he has presented no evidence indicating anything specific which counsel would have done had he been given more time. The record indicates that defense counsel had three weeks in

which to prepare the case, and that he had the benefit of work done by the defendant's previous attorneys. The defendant had the burden of showing that he was harmed by the court's ruling, *King* v. *State*, (1973) 260 Ind. 422, 296 N.E.2d 113; *Napier* v. *State*, (1971) 255 Ind. 638, 266 N.E.2d 199, and in the instant case, he has failed to meet that burden.

In addition, there appears to have been no ruling made on the defendant's motion by the trial court. In such an instance it cannot be assumed that the motion was denied, and by proceeding without a ruling and without protest, the defendant has waived any alleged error. *Chustak, et al.* v. *NIPSCO*, (1972) 259 Ind. 390, 288 N.E.2d 149.

## ISSUE II

On October 14, 1976, one of the defendant's previous attorneys filed a motion for discovery which included the following request:

"5. Furnish defendant's attorney with any information or evidence tending to be favorable to the defendant or tending to lead to the discovery of favorable or exculpatory information or evidence."

In his brief the defendant argues that the State withheld certain exculpatory evidence which should have been made available to the defendant prior to trial. The evidence consisted of an identification of an accomplice made by one of the State's witnesses, Delbert Rhodes. The identification was made after the witness had earlier stated that he could only identify one of the suspects, the defendant. The defendant contends that had this information been made available to him prior to trial, he could have used it to attack Rhodes' credibility on cross examination.

Although the information furnished in response to the defendant's discovery order was, in some respects inaccurate, it appears to have been sufficient to have enabled the defendant to prepare for trial, with a reasonable investigation and preparation. It does not

appear from the record that the defendant was in any way misled or ambushed by the information which the State furnished. As the State correctly points out in its brief, having been "surprised" by the existence of such evidence, the defendant should have moved the court for a continuance. In such instances, a continuance will usually be sufficient to avoid any prejudice to the defendant. *Hudson* v. *State,* (1976) 265 Ind. 302, 354 N.E.2d 164; *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E.2d 745.

## ISSUE III

During the course of the victim's testimony, she stated that at least one of the robbers, the one she identified as the defendant, had a knife. A police officer testified that a knife was found on the passenger side of a car which the defendant claimed to have owned. The State introduced the knife into evidence over the defendant's objection that the knife had no relevance. Relevance is defined as the logical tendency of evidence to prove a material fact. *Walker* v. *State,* (1976) 265 Ind. 8, 349 N.E.2d 161. Here, the admission of the knife was relevant to show that the defendant had access to a knife which may have been the one used in the robbery.

In addition, State's Exhibit No. 26, a knife, was also introduced into evidence. It was admitted without objection. Either of the two knives could have been the one used during the robbery by the defendant. Thus, if Exhibit No. 4 was erroneously admitted, it was merely cumulative of other undisputed and persuasive evidence which was admitted. Improperly admitted evidence that is corroborative only of competent and unrefuted evidence is not reversible error. *Collins* v. *State,* (1977) 266 Ind. 430, 364 N.E.2d 750; *Walker* v. *State, supra; Chatman* v. *State,* (1975) 263 Ind. 531, 334 N.E.2d 673.

## ISSUE IV

The defendant next assigns as error the admission into evidence of State's Exhibit No. 25. The exhibit was a photograph of a light colored Mustang automobile sitting in the parking lot behind the building in which the defendant lived. At trial the defendant objected to its admission on the ground that it was irrelevant. On appeal, he seeks to raise another ground as well. He contends that the State failed to lay a sufficient foundation for the introduction of the photograph. Had the defendant objected to its admission at trial on that basis, however, the State may have been able to lay a better foundation. Grounds for objection not raised in the trial court are not available on appeal. *Strickland* v. *State*, (1977) 265 Ind. 664, 359 N.E.2d 244.

Delbert Rhodes testified that he had seen an off-white Mustang, without hubcaps, in the area immediately before the crimes took place. Several witnesses identified Exhibit No. 25 as a picture of a Mustang which looked like a car which was owned by one of the other tenants in the defendant's building. The car in the picture was off-white and had no hubcaps. The witnesses further stated that the car was always parked in the lot behind the building and that it was parked there on the night in question. The defendant took the stand and testified that he and a friend had done some work on the Mustang.

The above testimony indicates that the defendant had some access to a car like or similar to the one seen at the scene of the crimes. Since the evidence tends to connect the defendant to the crime, it is relevant and admissible. *Walker* v. *State, supra.*

## ISSUE V

The defendant next contends that the trial court erred in permitting the alternate juror to be present in the jury

room during the jury's deliberations. He argues that the presence of the alternate juror constituted an invasion of his right to trial by jury. This issue was fully discussed by this Court in *Johnson* v. *State,* (1977) 267 Ind. 256, 369 N.E.2d 623, where we held that the alternate juror may be sent into the jury room with the original twelve jurors during their deliberations, provided the trial court properly instructs the juror that he is not to participate in the deliberations unless he is called upon to replace one of the original jurors. In the instant case, the trial court gave the proper instruction, therefore there was no error committed in allowing the alternate juror to retire with the rest of the jury. *Poindexter* v. *State,* (1978) Ind., 374 N.E.2d of the jury. *Poindexter* v. *State,* (1978) 268 Ind. 167, 374 N.E.2d 509; *Phillips* v. *State,* (1978) 268 Ind. 556, 376 N.E.2d 1143.

## ISSUE VI

At the close of evidence, the defendant requested that the court give instructions and verdict forms regarding lesser included offenses of the crimes with which he was charged. The court refused to do so. On appeal, the defendant argues that the court's failure to so instruct was reversible error.

To determine whether a court has committed error in refusing to instruct the jury on lesser included offenses, one must decide not only whether, by the language of the statute and the indictment or information, the lesser offense is necessarily included within the greater, but also whether there has been evidence introduced at trial to which such an instruction would be applicable. *Harris* v. *State,* (1977) 266 Ind. 661, 366 N.E.2d 186; *Hester* v. *State,* (1974) 262 Ind. 284, 315 N.E.2d 351; *Hash* v. *State,* (1972) 258 Ind. 692, 284 N.E.2d 770.

From the evidence introduced it was undisputed that there was a rape and a robbery. The defendant did not challenge the existence of substantial probative evidence of any of the necessary elements of either crime. Rather, the sole defense

was that he was not the perpetrator of the crimes charged. There was, therefore, no evidence or lack thereof to which the included offense instruction could apply.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE.—Reported at 378 N.E.2d 639.