**Tony Lee SMITH, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–179A14.**

Court of Appeals of Indiana,
First District.

July 31, 1979.

Dean E. Richards, Richards, Bennett, Bravard & Bibbins, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

LOWDERMILK, Presiding Judge.

### STATEMENT OF THE CASE

Defendant-appellant Tony Lee Smith (Smith) brings this appeal following his conviction of two counts of battery, a class D felony.

### ISSUE

We quote from Smith's brief filed on appeal:

> "The sole issue presented for review in this appeal is whether the trial court erred when it refused to grant the defendant's motion to withdraw his pleas of guilty after the court had ignored a plea agreement and had sentenced him to the maximum penalty."

### DISCUSSION AND DECISION

Smith makes the following assertions in his appellate brief:

1. Smith and the State reached an agreement that, in return for a guilty plea on each count, the State would make no recommendation concerning the sentencing and would make no objection if Smith

asked for sentencing as class A misdemeanors rather than class D felonies.[1]

2. Smith had also agreed to cooperate with the State in other prosecutions.

3. Smith did cooperate by giving sworn statements which resulted in convictions of several persons.

4. At time of sentencing the trial court "ignored" the agreement and sentenced Smith to the maximum penalties.

Smith recognizes that he had the burden of proving that withdrawal of his pleas was necessary to correct a manifest injustice. IC 1971, 35–4.1–1–6(c) (Burns Code Ed., Repl.1979).

Smith cites cases in which our Supreme Court has clearly declared the duty of the State to abide by the terms of plea agreements. This court agrees with and respects the holdings of those cases. In the case at bar, however, the State did exactly what it promised: it made no recommendation concerning sentencing and it made no objection when Smith sought sentencing for class A misdemeanors rather than class D felonies.

When Smith argues that the trial court "ignored" the plea agreement and failed to "go along with" the plea agreement, Smith erroneously interprets the terms and the ramifications of the plea agreement.

At the hearing held May 18, 1978, the judge carefully explained the possible penalties and asked Smith:

"Q. Has anyone, aside from the fact that the amended information has been filed here, has anyone made any promises to you or threatened you to induce you to plead either guilty or not guilty?

A. No, your Honor.

Q. Has anyone tried to talk you into entering a plea contrary to your own wishes?

A. No, your Honor.

Q. The Court wants you to understand that in the event the plea you propose to enter is made as a result of any plea bargain negotiations or plea agreement between your attorney and the prosecuting attorney, that the Court has not been a party to any negotiations that may have gone on or may go on and the Court is not bound by any agreement that may be made until the Court accepts that agreement in open court. Do you understand that?

A. Yes, your Honor."

IC 1971, 35–50–2–7(b) (Burns Code Ed., Repl.1979) clearly permits the trial court to exercise discretion in sentencing:

"(b) Notwithstanding subsection (a) of this section, if a person has committed a class D felony, the court may enter judgment of conviction of a class A misdemeanor and sentence accordingly. The court shall enter in the record, in detail, the reason for its action whenever it exercises the power granted in this subsection.   .   .   ."

The State simply agreed to refrain from any attempt to influence the trial court in the exercise of its discretionary power. The State complied with the terms of the agreement.

If Smith believed that the State's promise to remain silent amounted to some sort of recommendation binding upon the trial court in his favor, he has demonstrated no reasonable basis for such a belief.

In *Gross v. State*, (1975) Ind.App., 338 N.E.2d 663, 665, Judge Staton cited *Dube v. State*, (1971) 257 Ind. 398, 275 N.E.2d 7, in writing that "[c]ertainly, the mere expectation of a lesser sentence does not make a guilty plea involuntary."

Judgment affirmed.

LYBROOK and ROBERTSON, JJ., concur.

---

1. See IC 1971, 35–50–2–7(b) (Burns Code Ed., Repl.1979).