Alva Leslie FUNK, Appellant,

v.

STATE of Indiana, Appellee.

No. 880S334.

Supreme Court of Indiana.

Nov. 18, 1981.

Lopp, Lopp & Grampp, Glenn A. Grampp, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged with the crime of theft to which was added an habitual offender charge. Appellant was found guilty of theft by jury in a bifurcated proceeding. On the habitual criminal charge there was a mistrial, a new jury was chosen and the appellant found to be an habitual criminal. He was first sentenced to two (2) years on the theft charge, then that sentence was increased by an additional thirty (30) years by reason of his being found to be an habitual criminal.

The record shows the following facts. In the late evening or early morning hours of May 15 or 16, 1979, John Trout's jewelry store in Warrick County was burglarized. Goods valued in excess of twenty thousand dollars ($20,000) were taken. A witness stated she had seen a strange car parked near the building on the night before and gave police officers a partial license number and a description of the car.

Upon checking the license number and the description of the car, the police were able to discern that an automobile of that description with that license number was owned by appellant and his wife. Through contact with the Lafayette police department they were able to learn that appellant had a criminal record and that there was an outstanding warrant for his arrest from Fountain County.

Shortly before midnight on May 24, appellant was reported to be in an Evansville motel room with some other men. Police set up surveillance of the room. During the morning hours one of appellant's companions was seen taking some jewelry from under the front seat or the dashboard of the car. At about 1:00 P.M., it became apparent to the officers that appellant and his companions were preparing to leave the motel. As they entered the parking lot the arrest was made of appellant and his companions. A search conducted at that time produced some jewelry and a handgun from the appellant. A search warrant was then obtained for the automobile and the resulting search produced a great deal of jewelry along with burglary tools. John Trout, the owner of the burglarized store, identified the jewelry as that taken from his place of business.

Appellant claims the trial court erred in granting John Trout's Motion for Disposition of Property Held as Evidence. This motion was granted at a court proceeding held June 19, 1979. The items belonging to Trout which were recovered from the search of appellant's person and the car were photographed and returned to Trout. Sometime in September, appellant's counsel inspected the photographs and a few items that had been left with the police. On December 6, appellant's counsel filed a Motion for Production of Exhibits or in the Alternative to Dismiss. This motion was denied.

It is appellant's contention he was not served notice as required by Indiana Criminal Rule 18. We find no Indiana case directly in point construing Criminal Rule 18. However, we do find guidance in *Jurdzy v. Liptak,* (1961) 243 Ind. 1, 180 N.E.2d 530. In that case a default judgment was won by Jurdzy against Liptak, who then moved to set aside the judgment. No copy of the motion was provided to Jurdzy, and he opposed the granting of the motion on grounds other than failure of Liptak to provide Jurdzy's counsel with a copy of the motion. The trial court then overruled Jurdzy's objection to having the judgment set aside and granted Liptak's motion. On appeal this Court refused to consider the argument that failure to serve Jurdzy's counsel with a copy of the motion was grounds for reversal.

At that time, the equivalent of Criminal Rule 18 was Indiana Supreme Court Rule 1–16, which also required copies of all pleadings and motions to be served on the adversary party's counsel. This Court held: "Compliance [with the rule] also may be waived by an appearance in opposition to such motion or pleading without making any specific objection that no copy was served." *Id.* at 5, 180 N.E.2d at 531. The Court further noted: "[I]t is incumbent on the party who complains of a failure to comply with the rule to call it to the court's attention at the first opportunity." *Id.* at 6, 180 N.E.2d at 532.

■ In the case at bar the principle enunciated above is applicable and forecloses appellant from gaining a reversal of the conviction on these grounds. The record indicates appellant was present and represented by counsel at the June 19 proceeding at which Trout's motion was filed, and no objection was made to the motion. We hold appellant's failure to object to the State's noncompliance with Criminal Rule 18 constitutes a waiver of the subsequent objection. We hold the trial court did not err in denying appellant's motion to produce or dismiss, nor did the trial court err in overruling appellant's objections to the introduction of the photographs into evidence.

Appellant claims the trial court erred in denying his Motion to Suppress Evidence recovered from appellant's car and person, and also the trial court erred in admitting the exhibits so obtained into evidence. It is appellant's claim these items were inadmissible because they were derived from an illegal arrest. He claims the arrest was illegal because it was made without a warrant. The cases cited by appellant hold that an arrest warrant is a condition precedent to a lawful arrest unless "exigent circumstances" exist to make the procuring of a warrant impracticable. He cites *Pawloski v. State,* (1978) 269 Ind. 350, 380 N.E.2d

1230; *Banks v. State*, (1976) 265 Ind. 71, 351 N.E.2d 4; *Finch v. State*, (1975) 264 Ind. 48, 338 N.E.2d 629.

Since the cases cited by the appellant, this Court has decided a number of other cases in which the exigent circumstance requirement has been abrogated. Now in Indiana a police officer may make an arrest without a warrant so long as he has reasonable and probable cause to believe the person has committed a felony. *Battle v. State*, (1981) Ind., 415 N.E.2d 39; *Morris v. State*, (1980) Ind., 399 N.E.2d 740; *Smith v. State*, (1979) Ind.App., 392 N.E.2d 503; *Gardner v. State*, (1979) Ind., 388 N.E.2d 513.

The United States Supreme Court has held warrantless arrests need not be accompanied by the presence of exigent circumstances in order to pass constitutional muster under the Fourth Amendment. *See, United States v. Watson*, (1976) 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598. In that case, the Supreme Court observed that the imposition of a requirement of more than probable cause for warrantless arrests would "encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like." *Id.* at 423–24, 96 S.Ct. at 828, 46 L.Ed.2d at 609.

We thus must determine whether or not there was probable cause for the arrest of appellant. This Court has held that probable cause exists when at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution to believe the defendant has committed the criminal act in question. *Battle, supra; Taylor v. State*, (1980) Ind., 406 N.E.2d 247; *Benton v. State*, (1980) Ind., 401 N.E.2d 697; *Cato v. State*, (1979) Ind., 396 N.E.2d 119; *Crane v. State*, (1978) 269 Ind. 299, 380 N.E.2d 89.

In the case at bar police had received a tip from a citizen that appellant's car was seen in the vicinity of the crime near the time of the commission. Informa-tion from other police agencies indicated appellant was a known burglar. Additionally, during the surveillance of appellant's motel room a companion was seen retrieving jewelry from a place of concealment in appellant's car. This combination of circumstances was evidence to support the trial court's finding that the arresting officers had probable cause to believe appellant had committed the burglary. We thus hold the trial court did not err in finding there was probable cause for the arrest; therefore, the trial court did not err in denying appellant's Motion to Suppress Evidence nor did the trial court err in admitting the exhibits into evidence.

Appellant also argues his arrest was timed so that it could be used to justify the warrantless search of his person, thus the evidence discovered in that search is tainted and should not be admitted. Appellant relies on three cases: *Amador-Gonzales v. United States* (5th Cir. 1968) 391 F.2d 308; *United States v. Harris* (6th Cir. 1963) 321 F.2d 739; and *McKnight v. United States*, (D.C. Cir. 1960) 183 F.2d 977.

In *Amador-Gonzales, supra*, the arrest of a person for a traffic violation was used as a pretext to search his car. In *Harris, supra*, and *McKnight, supra*, arrests were made inside the arrestees' home so that the entire house could be searched without a warrant. In all three cases searches made of the car or the houses produced valuable physical evidence to be used against the defendants. However, the evidence was declared inadmissible because it was obtained by using an arrest as a pretext for a warrantless search. We see no parallel in those cases with the case at bar.

In the instant case it had become apparent to the police officers appellant and his companions were about to leave the scene in an automobile. They further had probable cause to believe that at least some of the missing jewelry was in appellant's possession. There is evidence from which the trial court could logically find the officers were in a position of having to make the arrest at that moment or of losing the opportunity of making an arrest at all. We

**1086**

find no error in the trial court's ruling in this regard.

■ Appellant next claims the Indiana habitual offender statute, I.C. 35–50–2–8 [Burns' 1979], is unconstitutional because the penalty imposes a cruel and unusual punishment in contravention of Article I, § 16 of the Indiana Constitution and the Eighth Amendment to the United States Constitution. He contends this unconstitutionality stems in part from its grant of unlimited discretion to the prosecutor to determine against whom to apply the statute.

This Court has already addressed the argument now made by appellant in *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281. In that case, this Court adopted the language of the Supreme Court of Utah and said:

"The appellant claims the statute is invalid in that it allows the prosecuting attorney discretion to charge or not under the habitual criminal provision of the statute. This discretion rests in the prosecutor in every case as to whether or not to charge a violation of a criminal statute. Some selectivity is always permitted, so long as the election is not discriminatorily based on classifications of race, national origin, sex, religion, etc." *Id.,* at 408 N.E.2d at 1284, *quoting from State v. Carter* (Utah 1978), 578 P.2d 1275, 1277.

We here reaffirm our position that the habitual offender statute does not violate the proscription against cruel and unusual punishment by improperly vesting unlimited discretion in the prosecutor to determine whom and whom not to punish under the statute.

■ Appellant next argues the statute is unconstitutional as applied to him by imposing a punishment greatly disproportionate to the severity of the crime. The crime in the case at bar for which the sentence was enhanced was a burglary. The record shows there was ample evidence to support the jury's determination that appellant was an habitual offender, based on two of four previous felony convictions. The purpose of the enhancement of a sentence under the statute is to more severely penalize those whose criminal activities have not been deterred by former convictions. *Ferguson v. State,* (1980) Ind., 405 N.E.2d 902; *Norris v. State,* (1979) Ind., 394 N.E.2d 144. Given the purpose behind the statute and the facts in the case at bar, we hold that appellant's sentence was not disproportionate to the offense.

■ Appellant next contends the statute is unconstitutional in that it punishes one convicted under it for a status. Appellant relies on *Robinson v. California,* (1962) 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758, which holds that punishing for a status contravenes the Eighth Amendment.

Again, Indiana has addressed this question in *Wise v. State,* (1980) Ind., 400 N.E.2d 114. There this Court stated:

"Indiana's habitual offender statutory scheme has historically provided for greater punishment than would ordinarily be imposed upon the last conviction. The individual is subjected to the greater sentence neither for the prior crimes *nor for the status of habitual offender,* but rather the enhanced sentence is imposed for the last crime committed." (Emphasis added.) *Id.* at 400 N.E.2d 117.

We reaffirm our holding in *Wise, supra,* and hold the statute does not punish for a status but provides for an enhanced punishment because of the ineffectiveness of prior confinement and rehabilitative efforts.

■ In a related argument appellant contends the habitual offender statute is repugnant to Article I, § 18 of the Indiana Constitution, which section provides: "The penal code shall be founded on the principles of reformation and not of vindictive justice." Appellant argues the habitual offender statute has no rehabilitative purpose and is nothing more than an application of "vindictive justice." That argument has already been rejected by this Court in *Ferguson, supra,* and *Wise, supra.* The same reasons set forth above for rejecting the various arguments the statute imposes cruel and unusual punishment apply in rejecting the argument it contravenes Article I, § 18. We hold the trial court did not commit

error in overruling appellant's objection to being tried on the habitual offender count on this basis.

■ Appellant claims the habitual offender statute is unconstitutional in that it is an *ex post facto* law and therefore contravenes Article I, § 24 of the Indiana Constitution and Article I, § 10 of the United States Constitution. This Court addressed this argument in *Hall v. State*, (1980) Ind., 405 N.E.2d 530. The effective date of I.C. 35–50–2–8 [Burns' 1979], was October 1, 1977. Acts of 1977, P.L. 340, §§ 121, 152. The date of the offense for which the sentence was enhanced was May 15 or 16, 1979. In *Hall, supra*, we noted with reference to an *ex post facto* argument that the penalties provided by the statute are imposed only for future crimes. That prior crimes are involved in an habitual offender prosecution does not change the fact the penalty is imposed only for the last crime committed. Appellant was not punished for having committed the prior crimes that occurred before the statute went into effect. He was punished under the statute for a crime committed May 15 or 16, 1979. We here reiterate our prior holding that the statute is not unconstitutional as being an *ex post facto* law.

■ Appellant next claims the trial court erred in denying his Motion to Dismiss the habitual offender count because he was never notified of the filing of the count as required by I.C. 35–3.1–1–5 [Burns' 1979], and *Lewis v. State*, (1975) 166 Ind. App. 553, 337 N.E.2d 516. The record shows the original count for burglary was filed June 1, 1979. Appellant was arraigned on that count on June 14. The habitual offender count was added by amendment on August 29, and appellant's Motion to Dismiss the count was filed September 5. There was a hearing on the motion, September 10, at which time the motion was denied. Trial commenced on February 5, 1980.

Specifically appellant cites I.C. 35–3.1–1–5(b) and (d) as the basis for his allegations of error. Subsections (b) through (d) of the statute read as follows:

(b) The indictment or information may be amended in matters of substance or form by the prosecutor upon giving notice to the defendant and with the consent of the court, at any time before arraignment. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecutor the court may at any time before, during, or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.

Appellant claims the State failed to comply with the notice requirement and failed to obtain leave of court prior to filing the habitual offender count.

This Court has previously indicated the subsection to be applied in case of an amendment to an information to add an habitual offender count is subsection (c) not (b) or (d) as asserted by appellant. In *Gilmore v. State*, (1981) Ind., 415 N.E.2d 70, the sequence of events was the same as in the case at bar. The defendant was charged with a felony in the charging instrument and arraigned thereon. Some months later, but also four months before trial, the instrument was amended to add an habitual offender count. A motion to dismiss the habitual count was denied and on appeal this Court stated:

"The right of the State to amend by adding an habitual offender count has specifically been approved by this Court. *Howard v. State*, (1978) 268 Ind. 589, 377

N.E.2d 628. An information may be amended at any time before, during, or after trial *so long as it does not prejudice the rights of the defendant.*" (Emphasis added.) *Id.* at 415 N.E.2d at 73.

In the case at bar, the trial was not held until six months after the amendment. Adequate time was available to the defendant to prepare a defense to the charge. We hold there was no error in denying the motion to dismiss the habitual offender charge.

We also note appellant was present and represented by counsel on August 29, when the amendment to the information was filed. Appellant does not refer us to any other part of the record serving to support the allegation he had no notice of the filing of the amendment. Further, appellant had an opportunity to be heard regarding the charge at the September 10 hearing on his motion to dismiss. Thus the record indicates that appellant had both notice and opportunity to be heard.

■ Appellant next claims the trial court erred in overruling his Objection to Being Sentenced on the habitual offender count. The basis of this objection is the trial court's failure to enter judgment of conviction and to sentence appellant upon the verdict of guilty as to the theft prior to commencing trial on the habitual offender charge. Appellant claims this is of particular significance in this case, in that, the trial court is empowered to enter judgment of conviction of a Class A misdemeanor and sentence accordingly, in lieu of the conviction for a Class D felony. Of course, if he had been convicted of a Class A misdemeanor, the habitual criminal charge would not have applied. The record indicates the entry of judgment of conviction on both counts and sentencing on both counts took place in one proceeding, held March 7, 1980, after trial on both counts was concluded on February 29.

This Court considered the same argument in *Collins v. State,* (1981) Ind., 415 N.E.2d 46. In that case this Court stated:

"[W]e believe that it would be the better practice in the future, in the case of a guilty verdict on a Class D felony, for the court, prior to trial on the status question and after considering the presentence investigation report and arguments of counsel, to determine whether or not it will withhold judgment for a Class D felony and enter judgment for a Class A misdemeanor instead." *Id.* at 415 N.E.2d at 56.

In the case at bar the trial court did not follow the "better practice" of deciding whether to use the I.C. 35-50-2-7 option before the trial on the habitual charge was conducted. But the fact the court failed to follow the "better practice" does not mean the court committed reversible error. In *Collins, supra,* at 415 N.E.2d at 56, this Court held "[I]t is not reversible error when the trial court fails to enter judgment for the underlying felony prior to commencing the second phase of the bifurcated proceeding." We hold there was no reversible error in the trial court's failure to follow the "better practice."

Appellant claims the trial court erred in overruling his objection to being retried on the habitual offender count in front of a new jury impaneled for that purpose following declaration of a mistrial during the first habitual offender proceeding. Appellant relies on I.C. 35-50-2-8(c) [Burns' 1979] for the proposition the jury before whom the habitual offender charge is heard must be the same one that sat on the underlying felony charge.

■ This Court has recently decided this issue in *State v. McMillan,* (1980) Ind., 409 N.E.2d 612. In that case, we conceded the statute does not, by its precise language, suggest anything other than that appellant's proposition is correct. However, we went on to say the statute "does not preclude a different jury from determining the issue should the first jury fail to reach agreement." *Id.* at 409 N.E.2d at 617. In so holding we pointed out a retrial on the habitual charge involves an issue of fact easily severed from the issues involved in the trial on the underlying felony, due to the bifurcated nature of the proceeding as a

whole. Thus, we hold a new jury is qualified to make the determinations necessary for a finding as to the habitual criminal status.

In *McMillan, supra,* we specifically held that it is in the public interest that the State be given an opportunity to secure an enhanced penalty should the first attempt result in a deadlocked jury. In the instant case, the mistrial was not the result of a deadlocked jury but for other reasons. We see no reason for a different rule no matter what the cause of the mistrial. We therefore hold there was no error in overruling appellant's objection to being retried on the habitual offender count in front of a new jury impaneled solely for that purpose.

Appellant claims the trial court erred in allowing into evidence over his objection Exhibits 1 through 15 and 17. These exhibits were used in the habitual offender phase of the trial and consisted of various documents relating to appellant's prior felony convictions. Appellant's objection is that these records are all hearsay for which no proper foundation was laid to permit their admission under the business record exception to the hearsay rule.

At the outset we note appellant has waived any error alleged here for his failure to comply with Indiana Rule of Appellate Procedure 8.3(A)(7). The pertinent portion of the rule reads as follows:

"The argument shall contain contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to authorities, statutes, and parts of the record relied on, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

In his brief appellant merely draws the conclusion the State failed to lay a proper foundation for these exhibits. His brief contains nothing specific as to the testimony of the authenticating witnesses nor is there any specific language quoted from two cited cases to illustrate the alleged deficiencies of the authentication testimony. We treat his arguments on this issue on the merits only because it is necessary to examine these exhibits and the testimony concerning them in order to address appellant's final assignment of error.

The questioned exhibits were admitted under I.C. 34–1–17–7 [Burns' 1973] which gives a statutory definition of the business record exception to the hearsay rule. In interpreting that statute in *American United Life Ins. Co. v. Peffley,* (1973) 158 Ind. App. 29, 301 N.E.2d 651, the Court of Appeals held:

"Documentary evidence is admissible if identified by its entrant or one under whose supervision it is kept and shown to be an original or first permanent entry, made in the routine course of business, at or near the time of the recorded transaction, by one having both a duty to so record and personal knowledge of the transaction represented by the entry." Id. at 36–37, 301 N.E.2d at 656.

This Court quoted the above language with approval in *Jones v. State,* (1977) 267 Ind. 205, 369 N.E.2d 418. Applying these principles to the case at bar, the admission of Exhibits 5, 10 and 15 was not error. Each of the exhibits is that of a commitment order for one Alva Funk to a penal institution and each is for a felony conviction. The appropriate authentication testimony was given by a person responsible for the supervision of each record. The testimony relative to each exhibit indicated it was an original made in the ordinary course of business near the time of the commitment. It was made by one with a duty to make the record and personal knowledge of the transaction. The requirements of *Jones, supra,* were met in every respect. There was no error in the admission of those exhibits.

The record indicates no foundation testimony for Exhibits 1 through 4, 6 through 9, 11 through 14, or 17 was ever laid, however, these items were put into evidence and shown to the jury. These exhibits consisted of various documentary items connected with the prior offenses, including the informations filed, jury ver-

dicts, docket sheet entries, order book entries, and etc. Though their admission was improper, no foundation having been laid, such error was harmless. It is well settled erroneous admission of evidence is harmless error if it is only cumulative of other undisputed and properly admitted evidence. *Hazzard v. State*, (1980) Ind., 413 N.E.2d 895; *Jackson v. State*, (1980) Ind., 402 N.E.2d 947; *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639; *Lamar v. State*, (1977) 266 Ind. 689, 366 N.E.2d 652; *Chatman v. State*, (1975) 263 Ind. 531, 334 N.E.2d 673. In the case at bar the erroneously admitted evidence was at most only cumulative to that contained in Exhibits 5, 10 and 15, which was properly admitted. We therefore hold there was no reversible error committed by the trial court concerning these exhibits.

Appellant claims the evidence presented in the habitual offender proceeding is insufficient to support the conviction. We see no merit in this contention. Exhibit 5 is a commitment order to the Indiana State Farm for one Alva Funk, for a term of two years, as a result of a 1960 conviction on a charge of Entering to Commit a Felony in Tippecanoe Circuit Court. Exhibit 10 is a commitment order to the Indiana State Reformatory for one Alva Funk, for a term of two years, as a result of a 1975 conviction on two counts of Theft in Benton Circuit Court. Exhibit 15 is a commitment order for one Alva Funk to the Department of Correction for a two year term, as a result of a 1977 conviction for Unlawful Entry Into a Vehicle in Tippecanoe Circuit Court. A commitment order for one Alva Funk to the Department of Correction for a term of two to four years, to be served concurrently with the last named term, as a result of a 1977 conviction for Burglary in Jackson Circuit Court, is also part of Exhibit 15. Each of the three exhibits contains photographs of the person committed, and each contains a set of his fingerprints. Exhibit 16 admitted into evidence is a set of appellant's fingerprints, and a fingerprint expert testified the set of fingerprints made by appellant was identical to all the sets of fingerprints contained in Exhibits 5, 10 and 15.

In reviewing the sufficiency of the evidence, this Court does not judge the credibility of witnesses or reweigh the evidence. We look only to the evidence most favorable to the State and reasonable inferences that may be drawn therefrom. *Bond v. State*, (1980) Ind., 403 N.E.2d 812; *Helton v. State*, (1980) Ind., 402 N.E.2d 1263. In the case at bar there is ample evidence from which a jury could determine appellant was, in fact, an habitual criminal under the definition in the statute.

The trial court is in all things affirmed.

HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.

DeBRULER, J., concurs in part and dissents in part with separate opinion.

DeBRULER, Judge, concurring and dissenting.

I cannot join the opinion of the Court because it expressly declares that the basis for the mistrial declared upon the first trial of Count II, habitual criminal, has no legal significance in determining whether a retrial should be permitted. *State v. McMillan*, (1980) Ind., 409 N.E.2d 612 holds, as I understand it, that there is a right arising from Ind.Code § 35–50–2–8, to have a single jury determine guilt on the underlying felony and the question of whether appellant meets the prerequisites for sentencing as a habitual offender, but this right gives way to the public interest in augmenting sentences for those who are habitual offenders, when the first attempt to determine whether the accused is a habitual offender has resulted in a deadlocked jury. I am of the opinion that the law is not, and should not be, that this significant right must give way in like manner when the mistrial order has resulted from judicial or prosecutorial overreaching. *Brown v. State*, (1979) Ind., 390 N.E.2d 1058.

According to the record before us the prosecution was under an admonition by the trial court to instruct its witnesses "that it should not be attempted to be offered into

evidence that the defendant herein is charged with the burglary of Trout's Jewelry Store." The order book entry concerning the habitual offender hearing of February 12, 1980, reflects that a mistrial was declared following "comments of State's counsel made during closing argument which makes [sic] reference to the fact that the defendant purportedly participated in the burglary of Trout's Jewelry Store...." When the trial prosecutor characterized appellant's conduct in this manner, as burglary rather than as theft, he sought an advantage over the accused in a criminal proceeding in which a fixed term of thirty years' imprisonment was at stake, an advantage to which he was not entitled. This I regard as the type of overreaching which should not be permitted to override the interest of the accused in having his entire case disposed of before a single jury.

I would affirm the conviction for theft, but remand for resentencing in a manner which would deny the State the effect of the determination of habitual offender.