Jeffrey SCHRADER, Appellant,

v.

STATE of Indiana, Appellee.

No. 881S215.

Supreme Court of Indiana.

Aug. 10, 1982.

Merle B. Rose, Cronin & Rose, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Robbery. He was sentenced to a ten year term of imprisonment to which was added another ten year term for aggravating circumstances pursuant to I.C. § 35–50–2–5 [Burns 1979 Repl.].

The record discloses two men knocked on the victims' door at approximately 4:00 A.M. One man asked through the closed door if Danny was there. After one of the victims, Kim, responded he was not, the men left. They returned shortly thereafter to ask if a parked car belonged to Danny. Kim looked out a window and recognized appellant who was carrying a gun. Appellant, who had pulled on a stocking mask, and his companion kicked in the door. After handing the gun to his companion, appellant grabbed both Kim's and her mother's purse.

Appellant was a friend of Kim's cousin who had intermittently resided with her over the past two years. Although Kim's mother could not be absolutely certain appellant was one of the robbers, she testified she recognized his voice which he attempted to disguise. Kim testified she had no question in her mind as to appellant's identity. She viewed appellant on the lighted front porch before he donned the mask. Kim also testified appellant tried to disguise his voice. However, he spoke in his normal tone to Kim's distressed four year old daughter and called her by name.

Appellant claims the evidence is insufficient to support the conviction of robbery and is therefore contrary to law. The essence of his allegation is the evidence failed to establish his identity as one of the perpetrators. Appellant invites us to reweigh the evidence. This we will not do. *Williams v. State*, (1980) Ind., 406 N.E.2d 241. The identification testimony recited above adequately supports the jury's verdict.

Appellant claims the trial court erred in refusing to instruct the jury on the lesser included offense of theft. He requests we reconsider our decision in *Brown v. State*, (1981) Ind., 416 N.E.2d 828. In that case, we stated at 831:

[5, 6] Appellant's argument on this issue centers on a claim that the rule in *Minton v. State*, (1978), 269 Ind. 39, 378 N.E.2d 639, is in conflict with Art. I, § 19, of the Indiana Constitution which provides that the jury shall have the right to determine the law and the facts in criminal cases. In *Minton*, this Court held that instructions regarding lesser included offenses

need not be given in a case in which the evidence showed that a rape and robbery had been committed and the defendant did not challenge the existence of the elements of either crime but challenged identity only. This rule is applicable here, since defendant did not challenge the existence of elements of the crimes charged, offered no evidence that he committed such lesser included offenses, and steadfastly maintained that he was in no way involved in the attack. The rule did not prevent the jury from finding whether the lesser offenses had been committed since there was no evidence to support such a finding.

We believe the rule is well-reasoned and sound. We have previously stated: "For the trial court to have instructed the jury that it could find the defendant not guilty as charged but guilty of theft, a lesser included offense, would have been to suggest to them a compromise verdict. Although compromise verdicts doubtlessly are often forthcoming, they are not sanctioned in law and certainly should not be court induced." *Hester v. State*, (1974) 262 Ind. 284, 289–90, 315 N.E.2d 351, 354.

In the case at bar, no evidence disputed the commission of the offense charged. Appellant disputed his identity and involvement in the robbery. He presented an alibi defense. There was no evidence presented during trial to support the lesser included offense of theft. Therefore, the trial court did not err in refusing defendant's tendered instruction on theft.

Appellant claims the trial court erred by augmenting his sentence by ten years without making specific findings to support the additional term pursuant to I.C. § 35–4.1–4–3 [Burns 1979 Repl.]. Noting the deficiency, this Court ordered the trial court to state the reasons for appellant's sentence to be enhanced. The trial judge complied with the order by filing with this Court his *nunc pro tunc* entry in which he found the following aggravating circumstances:

"1. The defendant has an extensive criminal history.

2. The defendant has continued to engage in criminal conduct despite intermittent short term incarceration and is therefore in need of correctional or rehabilitative treatment that can best be rendered by an extended commitment to a penal facility.

3. That the imposition of a reduced or suspended sentence would depreciate the seriousness of the offense."

Any error committed by the trial court's failure to state its reasons for enhancing appellant's presumptive sentence has been vitiated by his response to our order.

The trial court is in all things affirmed.

All Justices concur.