TOMLIN v. STATE OF INDIANA.

[No. 30,781. Filed March 31, 1966.]

Tague & Smith, & Cecil C. Tague, Sr., and Roger H. Smith, of Brookville, for appellant.

John J. Dillon, Attorney General, and Donald R. Ewers, Assistant Attorney General, for appellee.

278

ARTERBURN, J.—This is an appeal from a judgment of the Franklin Circuit Court rendered on a verdict of the jury finding the defendant guilty of leaving the scene of an accident without stopping. Error is assigned first on the ground that the trial judge failed and refused to administer an oath to one of defendant's witnesses when she was called to the stand to testify on behalf of the defendant. Further error is claimed by reason of the admission of the alleged confession of the defendant. However, we need consider only the first alleged error, since the judgment of the trial court must be reversed on that ground.

It appears that the defendant filed a plea of alibi and called a number of witnesses to support such a plea. The last witness called by the defendant was Edith Denham.

The transcript shows the following colloquy between defendant's counsel and the trial judge:

"Mr. Tague: That's all. Call Mrs. Edith Denham as the next witness.

"Court: Just take a seat—just go ahead and ask the questions.

"Mr. Tague: Judge, she hasn't been sworn—but I don't understand.

"Court: I do. Go ahead, bring out your witness.

"Mr. Tague: I think the record better show that the lady is presented here to be sworn.

"Court: O.K.

"Mr. Tague: I want the record to show that this witness has been presented here to be sworn and the judge has . . .

"Court: Les her tes . . . make her statement.

"Mr. Tague: The Judge says that he wants her to make her statement without being sworn. I want that in the record."

Burns' Ind. Stat. Anno. § 2-1711 (1946 Repl.) reads as follows:

"Before testifying, every witness shall be sworn to testify the truth, the whole truth, and nothing but the truth. The mode of administrating an oath shall be such as may be most consistent with and binding upon the conscience of the person to whom the oath may be administered."

It is quite apparent that the court committed error in refusing to swear this witness. The State admits as much in oral argument, and concedes that the witness was not sworn at any time during the trial. The State, however, contends that it was not a material error that affected the result of the case. With this we cannot agree. A party to a law suit is entitled to have his witnesses placed under oath, with the resulting threat of perjury hanging over them if they violate that oath. In argument before the jury, it may be urged that the witnesses are under oath and under a criminal penalty should they fail to tell the truth. In this case the defendant did not have this advantage as to this witness which the law gave him. In our opinion it is a material and prejudicial error for a court to knowingly refuse to swear a witness presented to testify when requested to do so.

This is not a case where, through oversight or inadvertence a witness was not sworn during trial, or where the swearing of a witness was waived by the complaining party, or where the law provides for a witness to affirm instead of make an oath. *Pooley* v. *State* (1945), 116 Ind. App. 199, 62 N. E. 2d 484.

For the reasons stated, we find that prejudicial error was committed by the trial court in refusing to swear defendant's witness upon request.

The judgment of the trial court is reversed, with directions to grant the defendant a new trial.

Myers, C. J., Rakestraw and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 190.