CRAIG WILLIAMS *v.* STATE OF INDIANA.

[No. 1175S312. Filed September 21, 1976.]

*Bruce Bagni, Bagni, Giddings & Sherman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

DeBRULER, J.—The appellant, Craig Williams, was charged by information with the offense of committing a felony while armed, to-wit: robbery, in violation of Ind. Code § 35-12-1-1 (Burns 1975). He was tried and found guilty as charged by the trial judge and received a sentence of twelve years imprisonment.

The appellant herein is challenging the sufficiency of the evidence. The appellant claims that the evidence, serving to identify him as one of the two perpetrators of this alleged offense, was insufficient to support the finding of guilty. In viewing this allegation this Court will not weigh the evidence nor resolve questions of credibility, but will look to that evidence and the reasonable inferences therefrom which support the finding of the judge. *Priola* v. *State,* (1973) 260 Ind. 117, 292 N.E.2d 604; *Glover* v. *State,* (1970) 253 Ind. 536, 255 N.E.2d 657; The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State,* (1970) 254 Ind. 401, 260 N.E.2d 558; *Fair* v. *State,* (1969) 252 Ind. 494, 250 N.E.2d 744.

According to the evidence presented by the prosecution in support of its case, a Robert Hall clothing store located in Indianapolis was robbed by two men at approximately 8:00 p.m. on July 24, 1974. At the time the two men entered, the store was open for business and there were clerks and customers present. Neither man was masked or disguised. One

pulled a pistol from under his coat, and the other pulled out a sawed-off shotgun. They pointed their weapons at the persons present and ordered them to lie on the floor. They took wallets and cash from them. They ordered a clerk to put money from a cash register into a bag which he did. The two men then left the store. The episode lasted from three to five minutes.

Two of the store's employees, eye witnesses to the crime, and victims of it, were the key witnesses for the prosecution. Both identified appellant as one of the men who had robbed them. Appellant was described as wearing a blue denim outfit with a cap and wielding the pistol. At one point appellant stood only three feet from one of these witnesses. While the cap was described as "pulled lower down," it did not obscure appellant's facial characteristics. On cross-examination by defense counsel neither witness was shown to be in doubt about the identification.

We believe that there was sufficient evidence of probative value to warrant the trial judge in determining that appellant was one of the two men who entered the store and committed this robbery.

Appellant, his mother and his two sisters testified in support of his alibi which was that he was at home at the time of the robbery. Testimony was also presented that appellant was near-sighted and wore prescription glasses most of the time, and it is clear that neither of the robbers wore glasses in the Robert Hall Store. There was further evidence which indicated that appellant did not own a blue denim outfit, and that on the night of the robbery, he was wearing a green flowered shirt and yellow trousers. It is true as asserted by counsel that evidence of alibi and the evidence about glasses and clothing weakened and undermined the prosecution's case. However, the judge before whom the case was tried was not required as a matter of law to credit it. The evidence presented by the defense did not serve to render the prosecution's evidence of identification insufficient.

The conviction is affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 354 N.E.2d 246.