**Cledith LOY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 4–782A177.

Court of Appeals of Indiana,
Fourth District.

Dec. 22, 1982.

Rehearing Denied Jan. 26, 1983.

J. Richard Guerrero, Guerrero, Guerrero & Guerrero Inc., P.C., Marion, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Ind., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant-appellant Cledith Loy (Loy) appeals his jury conviction for two counts of theft, a class D felony. He had been indicted for aiding and inducing the crime of theft.

We affirm.

ISSUES

This appeal presents the following issues:

1. Was Loy denied effective representation because his counsel also represented a co-defendant?

2. Was there sufficient evidence Loy knew the snowmobiles he received were stolen?

3. Was there sufficient evidence Loy participated in the theft of the truck?

FACTS

In 1979, a theft ring was formed by three persons who had known each other for some time, Jasper Bryant, Jr. (Jay), Loy's son, Tom (Tom), and Loy. It operated as follows: Loy would order certain properties from Jay and he would pass the order on to three other men who actually stole the property. When orders were placed, what was wanted was exactly specified, and the persons actually committing the thefts would steal property of the same kind as ordered or conforming as closely as possible to the various orders' specifications. Property approaching a quarter of a million dollars in value was stolen and delivered in this manner. When Tom or Loy "ordered" an item, it meant the property was to be stolen.

In 1979, Loy told Jay he wanted quite a few snowmobiles. Jay told Tim Blanton Loy wanted snowmobiles; he and Cecil Blanton should get them. Shortly thereafter, the Blantons stole two snowmobiles and other property from a John Deere dealership in Muncie. They took them by truck to Jay's. He paid the Blantons $200 for the snowmobiles. Jay sold the snowmobiles and two trailers to Loy and one of his sons

for $975. This sum was paid to Jay by a check written in Loy's house by the wife of one of Loy's sons. The snowmobiles were delivered to Loy and put in a building on his property. One was sold and later confiscated by the State Police, the other was recovered in Sullivan, Indiana.

Later, Loy and Tom stopped at Jay's house and asked him if he could steal a Chevrolet 4-wheel drive vehicle, silver or gray in color. Jay in turn ordered the Blantons to get such a GM truck. Tom wanted the truck for parts.

After the truck was stolen, it was delivered to Jay. The same evening Jay told Loy he had the truck, Loy and Tom came down to get it. One of them paid Jay $1,000 for it. Loy knew the truck was stolen. One of them drove it away, Tom saying it was Loy's. He and others stripped the truck. Some parts went to Loy's garage. Others went on Tom's truck, some were sold, and other parts were dumped by Tom and Loy into a gravel pit. The dumped parts, however, were recovered by the State Police. The truck's motor was found in the garage behind Loy's residence.

At trial, both Loy and Tom were represented by the same counsel.

DISCUSSION AND DECISION

I.

Loy first argues he was denied effective representation because he and his co-defendant son Tom, were represented by the same attorney at trial. This dual representation created a strong conflict of interest whereby his Sixth Amendment right to effective counsel was violated, Loy claims. This issue was neither raised at trial nor in Loy's motion to correct errors.

Failure to object at trial precludes review on appeal. *Pinkston v. State,* (1982) Ind., 436 N.E.2d 306. Also, where an issue is not included in the motion to correct errors, it cannot be reviewed on appeal. *Thomas v. State,* (1982) Ind., 436 N.E.2d 1109; *Finch v. State,* (1975) 264 Ind. 48, 338 N.E.2d 629.

Loy does not allege the matter is reviewable as fundamental error, but he need not do so, if the error is indeed fundamental. In such cases, we raise it *sua sponte.* When the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm cannot be denied this court will review an issue not properly raised and preserved. *Warriner v. State,* (1982) Ind., 435 N.E.2d 562. Thus, the question becomes did the trial court commit fundamental error by permitting one counsel to represent Loy and his son Tom during trial below?

In his brief, Loy claims five instances during the trial demonstrate defense counsel's conflict of interest:

1. he represented a father and son,

2. in opening statement defense counsel claimed Loy and his son were not guilty because there was not "joint equal participation," by these defendants,

3. when witness Bryant took the stand as the State's third witness, he testified it was mostly he and Loy, as opposed to Loy's son Tom, who took orders for stolen merchandise,

4. counsel allowed Loy's video taped confession into evidence without objection,

5. counsel called son Tom to the witness stand to testify in his own behalf, and

6. Loy's interests were severely compromised because his counsel, representing both defendants, could not take advantage of the fact Loy had less to gain by causing the truck to be stolen.

Based on the above, Loy opines his interests were compromised by the multiple representation because his conflict of interest impaired counsel's ability to defend him.

The United States Supreme Court has recently held absent special circumstances, trial courts can assume multiple representation does not create a conflict of interest. It said:

Unless the trial court knows or reasonably should know that a particular conflict exists the court need not initiate the inquiry....

We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.

*Cuyler v. Sullivan,* (1980) 446 U.S. 335, 347, 350, 100 S.Ct. 1708, 1717, 1719, 64 L.Ed.2d 333.

We cannot say with the determined certainty necessary to raise the issue of fundamental error the above acts of counsel constitute the "clearly blatant violations of basic and elementary principles" necessary as a condition precedent to our raising the matter as fundamental error. All counsel's actions can be attributed to trial tactics. There is nothing inherently prejudicial to Loy in the acts themselves. Further, these acts were not sufficient to put the trial court on notice that Loy's Sixth Amendment right to counsel was being compromised, cf. *Cuyler, supra.* Thus, we cannot raise the matter *sua sponte* as fundamental error.

## II.

We consolidate issues two and three for discussion because they concern sufficiency of the evidence.

Theft under Ind.Code 35–45–4–2 consists of knowingly or intentionally exerting unauthorized control over property of another. In this connection, IC 35–43–4–1 reads in part as follows:

(a) As used in this chapter, "exert control over Property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property....

Loy was charged with aiding and inducing Bryant, Funkhouser, and Blanton to exert unauthorized control over the property in question, then taking possession thereof, and then purchasing and hiding the vehicle. When sufficiency of the evidence is at issue, this court will neither weigh the evidence nor determine the credibility of witnesses.

We will consider only the evidence most favorable to the State with all reasonable inferences to be drawn therefrom. If based upon that evidence a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, the conviction will be affirmed. *Thomas, supra,* at 436 N.E.2d 1111; *Pinkston, supra,* 436 N.E.2d at 310; *Williams v. State,* (1980) Ind., 406 N.E.2d 241. A conviction may be sustained on circumstantial evidence alone. *Bray v. State,* (1982) Ind., 430 N.E.2d 1162, 1167. Although the evidence is circumstantial in nature, we need only find a reasonable inference may be drawn therefrom supporting the finding of a trial court. *Pinkston, supra,* 436 N.E.2d at 310; *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281.

■ Where the charge is aiding or inducing an offense, some participation in the offense by the defendant is necessary, but not necessarily on every element. *Metcalf v. State,* (1978) 268 Ind. 579, 376 N.E.2d 1157; *Bigbee v. State,* (1977) 173 Ind.App. 462, 364 N.E.2d 149. The rule is intended to require more in the way of involvement than mere presence or a mere "failure to oppose a crime." *Bigbee, supra.*

■ Loy helped form the theft ring, and ordered properties from another who would see that they were stolen by three other men. When he received this property, Loy knew it was stolen. He ordered snowmobiles from Jay, paid the Blantons $200 when they were delivered, and subsequently sold them to others. Regarding the truck, Loy knew it was stolen, and accompanied his son Tom to get it. He helped strip the truck, and some of the parts went to his garage. Other parts were dumped into a gravel pit by Loy and his son. This is substantial evidence of Loy's involvement to a degree greater than his mere presence or mere failure to oppose the crime committed. Such evidence satisfies the rule in *Bigbee.*

Finding no error, we affirm.

MILLER, J., and YOUNG, P.J., concur.