William FOLLRAD, Appellant,

v.

STATE of Indiana, Appellee.

No. 183S1.

Supreme Court of Indiana.

July 26, 1983.

James F. Stanton, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Margarett L. Knight, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was tried for murder and convicted by a jury. He was sentenced to forty (40) years.

Appellant raises two issues on appeal. First is a lack of sufficient evidence. Secondly he states the trial court committed reversible error by admission of evidence that the appellant had carried a handgun in the past.

The decedent Perez was found on the floor of the men's restroom of Lowry's Saloon in Hammond, Indiana. He had a nine millimeter gun wound in the head which caused his death twenty-seven (27) hours later. The bullet was too damaged to allow ballistics tests to be performed. No weapon was recovered. Follrad and others were in the bar when the shot was fired but no one saw appellant or anyone else fire the shot, nor was any testimony offered as to when Perez entered the restroom.

The shooting occurred around 3:00 A.M. as the tavern was about to be closed. Minutes before the shooting a fight broke out at the opposite end of the bar from the restroom. The patrons' attention was drawn to the fight. Follrad was not an original participant in the fight. However, one of the participants was a friend of Follrad and Follrad approached the fight and spoke to his friend, Tom Ludford. Appellant then turned from the fight and walked toward the restroom. Within a short time the shot was fired.

Witness Charlotte Disney maintained Follrad passed by her as he walked to the restroom and that he had what looked like a gun in his hand. She said he looked mad, as if in a rage. He told her to shut up or she would get the same. She stated Follrad walked to the restroom door, opened it, and stood in front of it with the gun pointed. She said she then looked back to the area of the fight and the shot came five or ten seconds later. Other State's witnesses verified portions of the Disney testimony. Two others testified that they saw what was a gun or could have been a gun. Two others stated the shot was heard within a short time after the appellant left the fight and walked toward the restroom. However, only Disney saw the completed sequence of events.

Appellant contends that the Disney testimony must be disregarded because she was intoxicated and had smoked three or four marijuana cigarettes that evening. Appellant is asking the court to judge the credibility of the witness. That is not the function of this Court but rather for the trier of facts. This Court has often held that the jury is free to believe whomever it chooses. Collins v. State, (1981) Ind., 429 N.E.2d 623; Sloan v. State, (1980) Ind., 408 N.E.2d 1264. The jury was free to believe Disney and to make reasonable inferences from that testimony.

On appellate review this Court will view the evidence most favorable to the State and the reasonable inferences drawn therefrom. If there is substantial evidence of probative value as to each of the elements of the crime, the conviction will not be overturned. Pounds v. State, (1983) Ind., 443 N.E.2d 1193; Raspberry v. State, (1981) Ind., 417 N.E.2d 913.

It has been held that on review of cases in which the evidence is circumstantial it is not necessary that every reasonable hypothesis of innocence have been overcome but only that an inference which supports the verdict of the jury may be reasonably drawn. Loy v. State, (1983) Ind.App., 443 N.E.2d 111; Eaton v. State, (1980) Ind., 408 N.E.2d 1281. The evidence is sufficient to support the verdict.

Appellant's second contention concerns admission of testimony that he owned a gun prior to the incident. On direct examination Follrad was asked if he had a gun the night of the incident. He answered that he did not. On cross-examination he was again asked about the possession of a gun that night and again he indicated he did not have a gun that night. At that point Follrad's lawyer asked to approach the bench and sought a ruling on his Motion in Limine that the prosecutor be prohibited from asking questions about the possession of guns

prior to that night. This motion was denied and the Court said that time would go to the weight of the evidence. Defense counsel again objected to the questioning as being too open-ended as to time and that they did not specify certain times. Again his objections were overruled. Follrad was then questioned about his gun ownership from 1970 to 1976. Appellant now contends that this evidence should not have been admitted as it was too remote in time. Appellant suggests that the testimony was intended to prejudice the jury and in close cases like this admission of such testimony amounted to harmful error. He also maintains that the evidence should have been barred based on the general rules of evidence concerning prior criminal acts. He quotes Rule 404(b) of the Federal Rules of Evidence:

"(b) Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparative, plan, knowledge, identity, or absence of mistake or accident."

■ In Indiana evidence of separate, independent crimes or acts is not admissible. The Court has carved out an exception to this rule to allow admission of the evidence may be used to prove intent, purpose, motive, identity, common scheme or plan or to demonstrate a depraved sexual instinct. *Puckett v. State,* (1982) Ind.App., 443 N.E.2d 77. Appellant maintains this testimony fits within the general rule and did not serve any of the purposes of the exceptions. Thus he maintains the testimony should not have been admitted.

The State presents a threefold response. The first is that Appellant waived any objections except as to remoteness. Secondly it urges that Follrad's testimony was not within the scope of the prior acts rule since no evidence of prior criminal acts was produced from his testimony. Lastly it argues that even if the testimony should not have been admitted, its admission was harmless error.

This Court has held that a trial judge has broad discretion regarding evidence being excluded as too remote in time. *Puckett v. State, supra.* The trial judge correctly stated that time goes to the weight of the evidence. In the case at bar the jury was given the opportunity to weigh the evidence and reach a verdict.

■ As to the State's three arguments, we feel that it is unnecessary to go past the first. Defense counsel in his trial motions and in his Motion to Correct Errors objected to the remoteness in time as to the evidence of gun possession, not that the testimony on possession might produce evidence of prior criminal acts. Defense counsel has the obligation to make timely and specific objections and failure to do so will result in other possible objections being waived. *Pounds v. State, supra.*

■ Moreover the Follrad testimony did not fall within the scope of Indiana's prior crimes evidence rule. He was not forced to provide the jury with any information about prior criminal acts. By his testimony he placed himself with the class of citizens who own and carry guns, a legal act in Indiana. His testimony may have been irrelevant but it is not grounds for reversible error.

The trial court is in all things affirmed.

All Justices concur.