## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2017, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Quincy D. Sullivan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 21, 2017<br><br>Court of Appeals Case No.<br>20A03-1606-CR-1246<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Terry C. Shewmaker, Judge<br><br>Trial Court Cause No.<br>20C01-1504-FB-15 |

**Baker, Judge.**

Quincy Sullivan appeals his convictions for two counts of Robbery,[1] a Class B felony, five counts of Confinement,[2] a class B felony, and one count of Conspiracy to Commit Robbery,[3] a class B felony. Sullivan argues that the trial court committed fundamental error by allowing Sullivan's co-defendant to proceed pro se in the middle of trial and by neglecting to sever the two defendants' cases sua sponte. Finding no fundamental error, we affirm.

[1] On April 9, 2015, the State charged Sullivan and Albert Webb with two counts of Class B felony robbery, five counts of Class B felony confinement, and one count of Class B felony conspiracy to commit robbery. As the two cases dealt with precisely the same set of alleged facts, the co-defendants' joint jury trial began on February 29, 2016. At the outset of the trial, Sullivan and Webb were each represented by attorneys. Three days into the trial, Webb requested to represent himself because he was dissatisfied with his attorney's performance. The trial court strongly discouraged Webb from doing so, advising him of the dangers and disadvantages of self-representation, but Webb insisted on representing himself. At the close of the trial, the jury found Webb and Sullivan guilty as charged.

[2] Sullivan concedes that he did not object to Webb's request to represent himself, nor did he request that the cases be severed at the time Webb's request was

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. § 35-42-3-3.

[3] Ind. Code § 35-41-5-2; I.C. § 35-42-5-1.

granted. Therefore, to succeed on appeal, he must meet the extremely high bar of establishing fundamental error. *E.g.*, *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014). To constitute fundamental error, the error must be a clearly blatant violation of basic and elementary principles of due process and present an undeniable and substantial potential for harm such that a fair trial was impossible. *E.g.*, *id.* Additionally, Sullivan must establish that the error was so severe that it would have compelled any competent trial judge to immediately intervene, regardless of the defendant's decision not to object or request other relief. *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014).

[3] With respect to Sullivan's contention that the trial court should have severed the two cases sua sponte, we note that it has long been the case that trial courts do not "have a duty to order separate trials sua sponte." *Snider v. State*, 274 Ind. 401, 403, 412 N.E.2d 230, 232 (1980). Consequently, he has not established that any competent trial judge would have been compelled to intervene sua sponte.

[4] With respect to Sullivan's contention that the trial court committed fundamental error by permitting Webb to proceed pro se, we note that the right to representation is personal. *E.g.*, *Carter v. State*, 512 N.E.2d 158, 162 (Ind. 1987) (observing that "[t]he policy supporting the right of self-representation is personal autonomy," noting that as the defendant is the one who must suffer the consequences of his decision as to counsel, "he is entitled to choose his advocate, a lawyer or himself"). Therefore, Sullivan may not challenge Webb's decision to proceed pro se, or the trial court's ruling permitting Webb to do so.

*Cf. Horton v. State*, 51 N.E.3d 1154, 1159 (Ind. 2016) (holding that the choice to exercise the personal right to a jury trial may not be exercised by proxy); *Reed v. State*, 748 N.E.2d 381, 390 (Ind. 2001) (holding that defendant cannot exercise State's right to grant use immunity); *Eaton v. State*, 274 Ind. 73, 75, 408 N.E.2d 1281, 1283 (1980) (holding that a personal right against self-incrimination may not be exercised by a third party). Sullivan continued to be represented by an attorney, and he had no more ability to demand that Webb waive his right of self-representation than Webb had to demand that Sullivan waive his right to be represented by counsel.

[5] In any event, the trial court had discretion to grant or deny Webb's request, given that the request was made after the trial had begun. *Koehler v. State*, 499 N.E.2d 196, 198-99 (Ind. 1986). In this case, Webb did not request a delay in the trial, nor had he engaged in any other conduct that would argue against granting his motion. Webb asserted his fundamental right to represent himself, even in the fact of the trial court's advisement against it, and the trial court did not commit fundamental error by granting Webb's request.

[6] Furthermore, Sullivan has failed to establish that these rulings made a fair trial impossible. Although he complains that he was "tied" to "every in-artfully framed question, fumbling objection, or statement made by Webb," he does not explain how Webb's conduct made a fair trial impossible. Appellant's Br. p. 8. The record reveals that both Webb and Sullivan's attorney strenuously cross-examined the remaining witnesses, pursued identical trial strategies, and raised similar arguments to the jury. Under these circumstances, we cannot see how

Webb's self-representation made a fair trial impossible for Sullivan. In sum, Sullivan has not established that the trial court committed fundamental error by neglecting to sever the cases sua sponte or by permitting Webb to proceed pro se.

[7] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.